```
                  UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION

UNITED STATES

VERSUS                                  CRIMINAL NO: 1:00cr89-DCB

RONNIE MCNAIR                                           DEFENDANT
```

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion for Discovery [docket entry no. 108], Motion Requesting the Status of § 2255 Motion [docket entry no. 116], Motion for Copies of Documents and Transcripts [docket entry no. 120], and Motion to Compel the Government to File Reduction in Sentence [docket entry no. 124].  Having carefully considered the motions, the procedural history, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On May 23, 2002, a jury found Petitioner, Ronnie McNair, guilty of several drug-related offenses.  This Court then sentenced Petitioner to 360 months in federal custody.  Petitioner appealed his conviction but the Fifth Circuit denied the appeal, issuing its final mandate on December 1, 2003.  After several years in custody, Petitioner began filing motions in this Court, the first in 2007.  The Court addresses those motions in turn.

    1.   <u>Motion for Discovery</u>

In a Motion filed on December 17, 2007, more than five years after his conviction, Petitioner filed a request under Rule 16 of

the Federal Rules of Criminal Procedure for "all potentially exculpatory information" with respect to any "deals" made between the Government and certain named witnesses (who presumably testified against Petitioner).  Rule 16, on which Petitioner relies, governs pre-trial disclosure and has no application here, where the defendant has already been tried and convicted.  The Rule provides, for example, that the Government must disclose a defendant's oral statement made to a government agent "if the government intends to use the statement at trial."  Fed. R. Crim. P. 16(a)(1)(A).  It further provides that the Government must permit the Defendant to inspect and copy documents that the government intends to use in its case in chief at trial.  Id. at 16(a)(1)(E)(ii).  Petitioner is not entitled to post-conviction discovery on the basis of Rule 16.

Though the Court can provide for post-conviction discovery in limited circumstances for use in a pending Motion to Vacate under 28 U.S.C. §§ 2254 or 2255, Petitioner has not filed a Motion to Vacate.  Petitioner apparently meant to file such a motion and in June 2008, wrote to the Clerk of this Court stating that he had recently become aware that the Court had no record of his § 2255 Motion.  Petitioner stated that he had drafted a Motion to Vacate in 2004 and given it to a prison official for mailing but that apparently it was never mailed or was lost in the mail.  Petitioner did not then make a second attempt to file his § 2255 Motion but even if he had done so, a § 2255 Motion received in 2008 would have

been time-barred by the statute's one-year limitations period. 28 U.S.C. § 2255(f)(1) (providing one-year limitations period begins to run on the date the conviction becomes final). Accordingly, because Petitioner has already been tried and convicted and has no pending § 2255 Motion before the Court, there is no procedural basis for the Petitioner's Motion for Discovery and it must be denied.

    2.   <u>Motion Requesting Status of § 2255 Motion</u>

Petitioner also moves the Court to inform him of the status of his § 2255 Motion. As discussed above, Petitioner has not filed a § 2255 Motion in this Court.

    3.   <u>Motion for Copies of Documents and Transcripts</u>

Petitioner also moves this Court for copies of his trial transcript, grand jury transcript, the indictment, superseding indictment, arrest warrants, search and seizure warrants and jury instructions from his case. Petitioner asserts that he is indigent and thus cannot pay for the documents or transcripts. 28 U.S.C. § 753(f) "'provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the transcript is needed to decide the issue.'" <u>United States v. Davis</u>, 369 Fed. Appx. 546 (5th Cir. 2010) (quoting <u>United States v. MacCollom</u>, 426 U.S. 317, 320-321 (1976)). Here, Petitioner has no § 2255 Motion before the Court and thus the transcripts and documents are not needed to decide any issue before the Court. Petitioner's motion for copies of the transcripts and documents is

denied.

    4.   <u>Motion to Compel the Government to File a Reduction in Sentence</u>

Lastly, Petitioner moves the Court to compel the Government to file a motion for reduction of his sentence, pursuant to Fed. R. Crim. P. 35(b).  That Rule permits the government to move to reduce the sentence of an incarcerated person under certain circumstances in which the person cooperates with the government to provide useful information.  Petitioner asserts in his Motion that in 2005, after he began serving the sentence imposed by this Court, he provided information to state homicide investigators in Florida regarding a homicide.  Petitioner also asserts that in 2009, he provided information to a federal agent in Arkansas regarding certain illegal drug activity.  Petitioner argues that this Court has the authority to review a prosecutor's decision not to file a Rule 35(b) Motion to reduce a sentence where the prosecutor's discretion to file has been superseded by an agreement to file a Rule 35(b) Motion or the prosecutor's refusal to file "was based on an unconstitutional motive."  <u>Wade v. United States</u>, 504 U.S. 181 (1992).  But Petitioner has alleged neither an agreement that the Government would file a motion for reduction in his sentence nor any unconstitutional motive that might have caused the Government not to file such a motion.  Accordingly, Petitioner's motion must be denied.

    For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petitioner's Motion for Discovery [docket entry no. 108] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting the Status of his § 2255 Motion [docket entry no. 116] is **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Copies of Documents and Transcripts [docket entry no. 120] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel the Government to File Reduction in Sentence [docket entry no. 124] is **DENIED**.

**SO ORDERED**, this the 3rd day of June, 2011.

                                                             s/ David Bramlette
                                              **UNITED STATES DISTRICT JUDGE**