IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONNIE McNAIR                                                          PETITIONER

VS.                                              CRIMINAL NO. 1:00-cr-89(DCB)

UNITED STATES OF AMERICA                                               RESPONDENT

ORDER

This cause is before the Court on petitioner Ronnie McNair's "Motion Requesting Judicial Recommendation" **(docket entry 148)** in which the petitioner seeks a Judicial Recommendation from this Court to the Bureau of Prisons, recommending that the petitioner serve the last 12 months of his prison term in a Residential Re-Entry Center close to the petitioner's home in San Pablo, California.

The Court interprets the petitioner's Motion as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. McNair was sentenced on September 9, 2002, to serve a 360-month sentence with the Bureau of Prisons. He states that he has been a model inmate earning the maximum amount of "good time" credit allowed by law, that he is a nonviolent offender, and that his chances of re-offending are very slim, posing little risk to "public safety."

Petitioner's Motion is not well taken because he fails to show that he has exhausted his administrative remedies, thus depriving this Court of subject matter jurisdiction. McNair has no constitutional or statutory right to placement in a Residential Reentry Center, and he has failed to establish a violation of the

Second Chance Act.[1]

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The bureau of Prisons has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49. These procedures generally require the prisoner first to attempt informal resolution through a complaint to the Bureau of Prisons staff. If the prisoner is not satisfied with the result, he must file a formal written complaint to the Warden. Then, if appropriate, he can pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. See 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons' Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

McNair makes no claim that he has attempted to exhaust his administrative remedies. The Court therefore finds that McNair has failed to fully exhaust his administrative remedies.

---

[1] Congress amended 18 U.S.C. § 3624(c) on April 9, 2008, through the enactment of the Second Chance Act of 2007, Pub.L. 110-199, 122 Stat. 657. See 18 U.S.C. § 3624(c)(Amended Apr. 9, 2008).

2

To be excused from the exhaustion requirement, McNair must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Inasmuch as McNair does not contend that administrative remedies are unavailable, inappropriate, or futile, none of the exceptions apply.

In addition, even if McNair exhausted his administrative remedies, he has not established a violation of the Second Chance Act. The Bureau of Prisons, in compliance with the Second Chance Act, has promulgated regulations that provide, in pertinent part:

> Inmates will be considered for pre-release community confinement in [a] manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22. In turn, § 3621(b) requires the Bureau of Prisons to consider the following five factors when determining a prisoner's place of imprisonment: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission.

Furthermore, there is no constitutional right to be housed in a particular place. See Olim v. Wakinekona, 461 U.S. 238 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Section 3621(b)

vests in the Bureau of Prisons "sole discretion" to determine where a federal inmate will be housed.  United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995); Moore v. U.S. Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973).

To the extent that McNair is claiming a constitutional right to be housed in a particular place, that claim is without merit. Olim v. Wakinekona, 461 U.S. 238 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).  Section 3621(b) vests in the Bureau of Prisons "sole discretion" to determine where a federal inmate will be housed.  United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); Moore v. U.S. Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973).

For the reasons given herein,

IT IS HEREBY ORDERED that Ronnie McNair's "Motion Requesting Judicial Recommendation" **(docket entry 148)** in which the petitioner seeks a Judicial Recommendation from this Court to the Bureau of Prisons, recommending that the petitioner serve the last 12 months of his prison term in a Residential Re-Entry Center close to the petitioner's home in San Pablo, California, is DENIED without prejudice for failure to exhaust administrative remedies.

SO ORDERED, this the 8th day of February, 2019.

David Bramlette  
UNITED STATES DISTRICT JUDGE