UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO. 1:00-cr-89-DCB

RONNIE McNAIR, a/k/a/ "MOLE"                                              DEFENDANT

ORDER

    This matter is before the Court on Ronnie McNair's Motion to Vacate Probation. [ECF No. 150]. Having read the Motion and response thereto, memoranda, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds that the Motion should be DENIED.

    On May 23, 2002, a jury found McNair guilty of possession with intent to distribute cocaine base, i.e., crack cocaine. [ECF No. 52]. McNair was sentenced to 360 months imprisonment with ten years supervised release. [ECF No. 67]. McNair's sentence was later reduced to 240 months imprisonment, with no change to his supervised release. [ECF No. 138]. McNair now asserts that his sentence violates his constitutional right to due process because the "Defendant was never notified that should he plead guilty, he would be facing any probation time." [ECF No. 150]. It should be noted that the judgment entered against McNair did not impose probation on the defendant, instead he was ordered to serve a term of supervised release.

1

McNair styles his motion as a Motion to Vacate Probation, but states that he relies on a Writ of Coram Nobis pursuant to 28 U.S.C. § 1651 "for the purpose of granting this court jurisdiction to make changes to the probation associated with the case." [ECF No. 150]. The writ of coram nobis is unavailable to McNair because, while he has been released from the Bureau of Prisons, he is still serving his term of supervised release. See United States v. Miller, 546 Fed.Appx. 335, 336 (5th Cir. 2013)(finding that the defendant did not satisfy the "no longer in custody" requirement for filing a writ of coram nobis while serving a term of supervised release). To the extent that McNair is attempting to file a petition for writ of coram nobis, the motion is denied.

"[T]he correct remedy for a person on supervised release is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255." United States v. de Velasquez, 2020 WL 204351, at *5 (S.D. Tex. Mar. 16, 2020)(internal citations omitted). Accordingly, the Court construes McNair's coram nobis petition as a section 2255 motion. McNair cannot use a writ of coram nobis to "circumvent the limitations imposed on filing a successive section 2255 motion." Marroquin v. United States, 2012 WL 398824, at *2 (N.D. Tex. 2012)(citing United States v. Smith, 308 Fed.Appx. 842 (5th Cir. 2009)(construing pro se petition for writ of coram nobis as a successive section 2255

2

because coram nobis was unavailable while defendant was in custody)).

McNair has filed a previous § 2255 motion, which this Court denied and to which a certificate of appealability did not issue. [ECF No. 145]. To file a successive § 2255 motion, a defendant must obtain permission from the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2244(b)(3)(A) and § 2255(h)("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."). Without authorization from the court of appeals, the motion must be denied on procedural grounds.

Accordingly,

The defendant's Motion to Vacate Probation [ECF No. 150] is DENIED for want of jurisdiction.

SO ORDERED, this the 26th day of May, 2020.

                                          _/s/ David Bramlette_____
                                          UNITED STATES DISTRICT JUDGE