```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      SOUTHERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 1:00-cr-89-DCB-1

RONNIE MCNAIR                                            DEFENDANT

## ORDER

This cause is before the Court on Defendant Ronnie McNair ("Defendant")'s "Petition for Modification or Early Terminat[ion] of Term of Supervised Release" [ECF No. 156] (the "Petition"), which was filed on March 14, 2022. Defendant also filed a Memorandum of Law [ECF No. 157] in support of the Petition. In the absence of a response from the government, the Court issued a show cause order [ECF No. 158], and the United States has since responded in opposition to the Petition. [ECF No. 159]. Having reviewed the Petition and response thereto, the parties' submissions, the record, and applicable law, the Court finds as follows:

On May 23, 2002, a jury found McNair guilty of nine (9) separate counts related to the possession and distribution of cocaine base (i.e., crack cocaine) and firearm violations. [ECF No. 52]. Among other things, McNair was convicted of

1

conspiracy to possess with intent to distribute cocaine base and of distribution of cocaine base within 1,000 feet of a public housing authority.  McNair was sentenced to 360 months imprisonment with ten years supervised release.  See Judgment, [ECF No. 67].  McNair's sentence was later reduced to 240 months imprisonment, with no change to his term of supervised release. [ECF No. 138].

Defendant now argues that, pursuant to 18 U.S.C. § 3583(e)(1), this Court should exercise its discretionary authority to terminate his supervised release.  [ECF No. 157] at 1.  Defendant represents that he has served three years of supervised release, has submitted his required monthly reports in a timely manner, has had no infractions, and has shown rehabilitation.  [ECF No. 156].  He reasons that his continued supervision is an undue burden on the United States Probation Department and that taxpayer funds would be better spent on higher risk individuals.  Id.  Defendant has submitted two letters in support of his request:  one from the Reentry Success Center, [ECF No. 156-1] at 1, and another from Options Recovery Services, [ECF No. 156-1] at 2.

In its opposition, the United States has represented to the Court that Defendant's supervisory probation officer, Kurt Raymond, and Defendant's probation officer in California both oppose the Petition because Defendant "has only served roughly

30% of his supervised release term." [ECF No. 159] at 1. In addition, the United States reports that, according to Mr. Raymond, Defendant has failed to complete payment of his $900 special assessment. Id. at 1-2. The Court has received no communication from Mr. Raymond or the probation officer in California that would confirm or contradict the government's representations.

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of specific factors in 18 U.S.C. Section 3553(a). 18 U.S.C. § 3583(e)(1); United States v. Polydore, 493 F. App'x 496, 502 n.7 (5th Cir. 2012); United States v. Webb, No. 4:05-CR-150, 2020 WL 3038055, at *1-3 (E.D. Tex. June 4, 2020); United States v. Arledge, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *1-2 (S.D. Miss. June 3, 2015). The Section 3553(a) factors are:

> 1. the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2. the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> 3. the need for the sentence imposed to protect the public from further crimes of the defendant;

3

> 4. the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> 5. the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
>
> 6. pertinent policy statements by the Sentencing Commission;
>
> 7. the need to avoid unwarranted sentence disparities among defendant with similar records who have been guilty of similar conduct; and
>
> 8. the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). The Fifth Circuit has explained: "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." United States v. Jeanes, 150 F.3d 483, 484 (5th Cir.1998). Broad discretion is accorded to district courts in evaluating whether to grant early termination of supervised release, id., but courts have generally held that something more than compliance with the terms of supervised release is required to justify early termination. United States v. Lynn, No. CR S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); United States v. Singleton, No. 4:13-CR-248(1), 2020 WL 3271633, at *2 (E.D. Tex. June 17, 2020); Webb, 2020 WL

3038055, at *1–3; Arledge, 2015 WL 3504845, at *1; United States v. Smith, No. 3:10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014).  Early termination is usually granted only in cases involving new or unforeseen circumstances, or where the defendant has demonstrated exceptionally good behavior.  United State v. Reed, No. CR 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020); United States v. Guidry, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), report and recommendation adopted, No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); see also United States v. Smith, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)(denying early termination of probation because defendant failed to present exceptional or changed circumstances and instead "demonstrates only that he has complied with the terms of his probation and maintained employment").

   Neither the United States nor Defendant has expressly addressed the Section 3553 factors or asserted specific arguments for or against those factors.  The Court will therefore address the factors that, on this record, appear particularly relevant to Defendant's request.  The Court deems the first three factors to be the most significant to this case.  The record demonstrates that Defendant committed multiple felony drug and firearm offenses, including participation in a

5

conspiracy to possess with intent to distribute narcotics and with the distribution of cocaine base within 1000 feet of a public housing facility.  The Court cannot overlook the nature and circumstances of Defendant's offenses or his criminal history.  Given the seriousness and the extent of Defendant's criminal conduct, the Court believes that continued supervised release is needed in order to afford adequate deterrence and to protect the public.

Defendant emphasizes that he has submitted his required monthly reports timely and has had no infractions.  [ECF No. 156] at 1.  While compliance with the terms of supervised release is to be commended, it is not, however, sufficient to justify early termination.  United States v. Longerbeam, 199 F. Supp.3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'" (citations omitted)); United States v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) ("While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").  The Court finds that Defendant has not demonstrated, at this time,

6

the exceptional circumstances necessary to warrant early termination of his supervised release.  The Court is of the opinion that continued supervised release in this case appropriately reflects the seriousness of the offense, serves to promote deterrence to criminal conduct, and will provide effective supervision for Defendant's continued rehabilitation.

Accordingly,

IT IS HEREBY ORDERED that Defendant Ronnie McNair's "Petition for Modification or Early Terminat[ion] of Term of Supervised Release" [ECF No. 156] is DENIED.

SO ORDERED, this the 13th day of September 2022.

                    /s/    David Bramlette
              UNITED STATES DISTRICT COURT JUDGE