```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        SOUTHERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 1:00-cr-89-DCB-1

RONNIE MCNAIR                                           DEFENDANT

## ORDER

Before the Court is Defendant Ronnie McNair ("Defendant")'s second "Petition for Modification or Early Terminat[ion] of Term of Supervised Release" [ECF No. 161] (the "Second Petition"). The United States responded in opposition to the Second Petition. [ECF No. 163].

Defendant previously filed a similar petition for early termination of his supervised release [ECF Nos. 156 & 157], which the Court denied. [ECF No. 160]. Unlike the prior petition, Defendant now supports his Second Petition with an email from a "Financial Litigation Paralegal Specialist" with the United States Attorney's Office in Jackson, Mississippi. [ECF No. 161-1]. According to the submitted email, special assessments expire five (5) years from the date of imposition, and the $900 special assessment imposed on Defendant at his sentencing has expired. Id. Defendant paid a total of $243

1

on his assessment prior to its expiration.  Id.  The Court finds that this new information regarding the expiration of Defendant's special assessment is not the type of exceptional or changed circumstances that warrant modification of a term of supervised release.  See United States v. Smith, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (denying early termination of probation because defendant failed to present exceptional or changed circumstances and instead "demonstrates only that he has complied with the terms of his probation and maintained employment").

    Defendant represents in his Second Petition that he has served about three years of supervised release, [ECF No. 161] at 1, although the United States advises in its opposition that Defendant has completed almost four years of his ten-year term of supervised release.  [ECF No. 163] at 1.  In any event, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of specific factors in 18 U.S.C. Section 3553(a).[1]  18 U.S.C. § 3583(e)(1); United States v. Polydore,

---

[1] The Section 3553(a) factors are:

493 F. App'x 496, 502 n.7 (5th Cir. 2012); United States v. Webb, No. 4:05-CR-150, 2020 WL 3038055, at *1-3 (E.D. Tex. June 4, 2020).  The Court deems its analysis of the Section 3553(a) factors as set forth in its prior opinion [ECF No. 160] to be equally applicable to Defendant's Second Petition and incorporates that analysis herein.[2]

---

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed to afford adequate deterrence to criminal conduct;

3. the need for the sentence imposed to protect the public from further crimes of the defendant;

4. the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5. the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;

6. pertinent policy statements by the Sentencing Commission;

7. the need to avoid unwarranted sentence disparities among defendant with similar records who have been guilty of similar conduct; and

8. the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

[2] In its prior Order, the Court explained, in pertinent part:

> The Court deems the first three [Section 3553(a)] factors to be the most significant to this case.  The record demonstrates that Defendant committed multiple

In conclusion, the Court finds that Defendant has not demonstrated, at this time, the exceptional circumstances necessary to warrant early termination of his supervised release.

Accordingly,

IT IS HEREBY ORDERED that Defendant Ronnie McNair's "Petition for Modification or Early Terminat[ion] of Term of Supervised Release" [ECF No. 161] is DENIED.

SO ORDERED, this the 16th day of August 2023.

> /s/David Bramlette
> UNITED STATES DISTRICT COURT JUDGE

---

felony drug and firearm offenses, including participation in a conspiracy to possess with intent to distribute narcotics and with the distribution of cocaine base within 1000 feet of a public housing facility. The Court cannot overlook the nature and circumstances of Defendant's offenses or his criminal history. Given the seriousness and the extent of Defendant's criminal conduct, the Court believes that continued supervised release is needed in order to afford adequate deterrence and to protect the public.

[ECF No. 160] at 5-6.